IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RHAMIR D. WAPLES,                         :
                                          :
                    Petitioner,           :
                                          :
        v.                                :        Civil Action No. 21-1743-CFC
                                          :
ROBERT MAY, Warden, and                   :
ATTORNEY GENERAL OF THE                   :
STATE OF DELAWARE,                        :
                                          :
                    Respondents.          :

_____

Rhamir D. Waples.  *Pro se* Petitioner.

Matthew C. Bloom, Deputy Attorney General of the Delaware Department of Justice,
Wilmington, Delaware.  Attorney for Respondents.

_____

## **MEMORANDUM OPINION**

July 24, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Rhamir Waples' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (D.I. 1)  The State filed a Motion for Leave to File a Motion to Dismiss.  (D.I. 8)  Petitioner did not file a response in opposition, and the Court granted the State leave to file the Motion to Dismiss on December 16, 2022.  (D.I. 12)  For the reasons discussed, the Court will grant the State's Motion to Dismiss (D.I. 13), and dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I.   **BACKGROUND**

In June 2015, a grand jury indicted [Petitioner] for more than seventy crimes, including two counts of first-degree murder that were committed during a January 2014 home invasion. The grand jury also indicted seven other individuals, including [Petitioner's] brother Richard Robinson, for their involvement in the crimes.  The charges arose from a series of home invasions and robberies in 2014.

The Superior Court scheduled separate trials for the defendants. [Petitioner's] charges arising from the January 2014 home invasion were severed from the charges arising from the crimes committed after January 2014.  The charges arising from the January 2014 home invasion proceeded to trial in February 2017.

On March 8, 2017, the jury found [Petitioner] guilty of two counts of first-degree murder, fifteen counts of possession of a firearm during the commission of a felony ("PFDCF"), one count of home invasion, two counts of first-degree robbery, and one count of second-degree conspiracy.  [Petitioner's] sentencing was originally scheduled for May 2017, but was later continued so that it would occur after the trial of a co-defendant.

2

On December 5, 2017, [Petitioner] filed a motion to dismiss or, in the alternative, for a new trial. In the motion, [Petitioner] argued that the State had violated *Brady v. Maryland,* [373 U.S. 83 (1983)] by failing to produce an agreement to recommend a sentence of time served for a co-defendant who testified against [Petitioner] and the other defendants. The State opposed the motion.

At a January 18, 2018 hearing, the parties informed the Superior Court that they had engaged in extensive discussions to resolve the case in a way that would moot the pending motion. [Petitioner's] counsel advised that he had recommended [Petitioner] accept the plea offered by the State, but [Petitioner] was not willing to do so. The Superior Court advised [Petitioner] that his counsel was very experienced, but also emphasized that it was for Petitioner to decide whether or not to accept the plea offer. The Superior Court stated that it would issue a decision on the motion shortly.

On February 8, 2018, the Superior Court held a hearing to announce the denial of the motion to dismiss or, in the alternative, for a new trial. The Superior Court also issued a written decision. The Superior Court held that the State should have disclosed the agreement to recommend time served for the co-defendant who testified against [Petitioner], but that this failure to disclose additional impeachment evidence did not undermine confidence in the outcome of the trial in light of the other evidence presented.

On February 22, 2018, the Superior Court granted the parties' request to vacate [Petitioner's] convictions, which was conditioned upon [Petitioner's] acceptance of a guilty plea. [Petitioner] pleaded guilty to second-degree murder as a lesser-included offense of first-degree murder, PFDCF, home invasion, and second-degree conspiracy in exchange for dismissal of the other charges. The Superior Court imposed the following sentence that was recommended by the State:

3

(i) for second-degree murder, with credit for 857 days previously served, twenty-five years of Level V incarceration, suspended after the fifteen year minimum mandatory for decreasing levels of supervision; (ii) for PFDCF, four years of Level V incarceration; (iii) for home invasion, fifteen years of Level V incarceration, suspended after six years for two years of Level III probation; and (iv) for second-degree conspiracy, two years of Level V incarceration suspended for one year of Level III probation.   On March 5, 2018, the Superior Court modified the sentence to include restitution and to increase the credit time to 934 days.

Petitioner did not file a direct appeal.

*Waples v. State*, 248 A.3d 839 (Table), 2021 WL 754851, at *2 (Del. Feb. 23, 2021).

On December 14, 2018, Petitioner filed a motion to appoint counsel and a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 9-1 at 13, Entry Nos. 111 & 112)  The Superior Court appointed counsel to represent him but, in October 2014, counsel field a motion to withdraw on the basis that Petitioner's grounds were meritless.  (D.I. 9-1 at 13-14, Entry No. 113; D.I. 9-12 at 3-22)  On April 15, 2020, the Superior Court granted appointed counsel's motion to withdraw and denied the Rule 61 motion as meritless.  *See State v. Waples*, 2020 WL 1918139, at *6 (Del. Super. Ct. Apr. 15, 2020).  The Delaware Supreme Court affirmed that judgment on February 23, 2021.  *See Waples*, 2021 WL 754851, at *5.

In December 2021, Petitioner filed in this Court the instant Petition asserting the following four grounds for relief: (1) defense counsel provided ineffective assistance by not investigating an insanity defense; (2) defense counsel provided ineffective

assistance by not presenting mental health records during sentencing; (3) defense

counsel failed to obtain a mental health evaluation for Petitioner; and (4) defense

counsel failed to pursue a *Brady* claim.  (D.I. 1)

## II.    ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . .

. and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*,

538 U.S. 202, 206 (2003).  AEDPA prescribes a one-year period of limitations for the

filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable

tolling.  *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. §

2244(d)(2) (statutory tolling).  A petitioner may also be excused from failing to comply

with the limitations period by making a gateway showing of actual innocence.  *See*

*Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

5

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Consequently, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time period allowed for seeking direct review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  In this case, the Superior Court sentenced Petitioner on February 22, 2018.  Since Petitioner did not appeal that judgment, his conviction became final on March 26, 2018,[1] when the thirty-day appellate period expired.  *See* Del. Supr. Ct. R. 6 (a)(iii) (establishing a thirty-day filing period for criminal appeals).  Applying the one-year limitations period to that date, Petitioner had until March 26, 2019 to timely file a habeas petition.  *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).  Petitioner, however, did not electronically file the instant Petition until December 13, 2021, approximately two years and nine months after that deadline.  Thus, the Petition is time-barred and should be dismissed, unless the limitations period

---

[1]The last day of the thirty-day appeal period fell on a Saturday – March 24, 2018. Therefore, the appeal period extended through the end of the day on Monday, March 26.  *See* Del. Supr. Ct. R. 11(a).

can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence. *See Jones,* 195 F.3d at 158; *see Wallace*, 2 F.4th at 151 (explaining that actual innocence is an "exception to the statute of limitations" rather than an "extension to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, AEDPA's one-year statute limitations started to run on March 27, 2018, and ran for 262 days until Petitioner filed his Rule 61 motion on December 14,

2018. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on February 23, 2021. Consequently, the Rule 61 motion tolled the limitations period from December 14, 2018 through February 23, 2021.

The limitations clock started to run on February 24, 2021, and ran the remaining 103 days of limitations period without interruption until it expired on June 7, 2021. Consequently, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the

8

extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstance prevented him from timely filing the instant Petition. Indeed, Petitioner does not offer any explanation as to why he waited until December 14, 2018 to pursue post-conviction relief in the Delaware state courts, or why he waited until December 13, 2021 to file the instant Petition. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at \*5-6 (D. Del. May 14, 2004). Given these circumstances, the Court concludes that equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. Petitioner, however, does not assert any claim of actual innocence.

For all of these reasons, the Court concludes that the Petition is time-barred. Therefore, the Court will grant the State's Motion to Dismiss and dismiss the Petition.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds

9

without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability.

The Court will enter an order consistent with this Memorandum Opinion.